**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 06-2298 |
| v. | D. N.M. |
| RAMON CAMPOS-GUEL, | (D.C. No. CR-05-246-JC) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Ramon Campos-Guel, a native and citizen of Mexico, appeals from the magistrate judge's denial of his motion to dismiss for a violation of the Speedy Trial Act and the district judge's failure to recuse himself. We affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

On October 22, 2004, Campos-Guel was arrested and a criminal complaint was filed against him for illegal reentry after deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. §1326(a)(1), (2) and (b)(2). On October 25, 2004, Campos-Guel appeared for a preliminary detention hearing and filed written waivers of his rights to a preliminary hearing, a grand jury presentment within thirty days and of his arrest detention hearing. Campos-Guel requested a seventy-five day continuance for the grand jury presentment making it due 105 days after his arrest. He also requested the seventy-five days be excludable time for the purposes of determining compliance with the speedy indictment provisions of the Speedy Trial Act. *See* 18 U.S.C. § 3161(b), (h)(8)(A). The originally assigned magistrate judge entered an order granting Campos-Guel's requests.

On February 3, 2005, Campos-Guel filed a "MOTION TO DISMISS (For Ruling Before a Magistrate)," in which he sought an order dismissing with prejudice the criminal complaint filed against him because the government failed to indict him within 105 days of his arrest. On February 8, 2005, 112 days after his arrest, the government obtained an indictment against Campos-Guel. A different magistrate judge denied Campos-Guel's motion to dismiss as moot because the indictment had by then been filed. Campos-Guel did not seek district judge review of the magistrate judge's order, did not renew his motion to dismiss

-2-

the complaint with the district judge and did not move to dismiss the indictment.

Campos-Guel was arraigned on February 17, 2005, and pled not guilty. A jury trial was held on July 18, 2006. During cross examination of a government witness, Campos-Guel's attorney asked a series of questions regarding Campos-Guel's Alien Registration File. The district judge interrupted and the following colloquy took place in the presence of the jury:

THE COURT:     Could I just ask you a question?

ATTORNEY:      Yes, sir.

THE COURT:     How does all of this benefit the jury on this case?

ATTORNEY:      Well, I'm hoping that the jury will see that when we
               get to it, Your Honor.

THE COURT:     Well, when we get there, be sure I see it, too, because
               I can't figure it out yet.

ATTORNEY:      All right. I'll see if I can do that, Judge. Thank you.

THE COURT:     Okay.

(R. Vol. III at 61-62; Supp. Vol. I at 129-30.) Once the jury was excused for lunch, Campos-Guel's attorney made a motion for mistrial based on the judge's comments. The district judge denied the motion.

The jury returned a verdict finding Campos-Guel guilty as charged in the indictment. On September 27, 2006, the district court sentenced Campos-Guel to 125 months imprisonment. After hearing from Campos-Guel's attorney at the sentencing hearing, the judge provided Campos-Guel an opportunity to speak

before imposing sentence, but he declined.  However, during the oral imposition of his sentence, Campos-Guel's attorney interrupted the judge to let him know Campos-Guel wished to address the court.  The following colloquy occurred:

THE DEFENDANT: Well, can you please tell me, without calling me "stupid" again, what is the charge?  What is the charge for which you are giving me this time?  What is the charge?

THE COURT: Well, I don't think I ever called you "stupid."  And your attorney can explain to you what the charge is.  I've got other things to do than explain the charge to you.

THE DEFENDANT: Yes, you did call me "stupid" when we were in the trial.

THE COURT: Oh, well, that's quite possible.  That might have been what I thought of you.  And nothing has changed since then.

THE DEFENDANT: Okay.

(R. Supp. Vol. II at 8.)  Campos-Guel timely filed his notice of appeal.

## II. Discussion

A. Motion to Dismiss

Campos-Guel appeals from the denial of his motion to dismiss claiming the magistrate judge lacked authority to rule on his motion, even though it was submitted "for ruling before a magistrate."  (R. Vol. I, Doc. 10.)  Because Campos-Guel never raised this issue with the magistrate judge or the district court, he has forfeited it with this court.  *See Clark v. Poulton*, 963 F.2d 1361,

-4-

1367 (10th Cir. 1992) ("[A] magistrate judge's lack of statutory authority is not a jurisdictional defect, so any objection is waived if not raised.").

B. Failure to Recuse[1]

Campos-Guel asserts the district court should have recused himself under 28 U.S.C. § 455(a) based on the comments made at trial and sentencing.[2] Where defense counsel fails to move for recusal during trial, "we decide under a plain error standard whether the district judge was so biased or reasonably appeared to be so biased that we should order retrial with a different judge." *United States v. Kimball*, 73 F.3d 269, 273 (10th Cir. 1995). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir.) (en banc), *cert. denied*, 126 S.Ct. 495 (2005).

Campos-Guel argues the judge's comments made during his cross examination of the government's witness went directly to the merits of his case and the comments made during sentencing are reflective of an underlying

_____

[1] In his brief, Campos-Guel refers to this issue as a challenge to the district court's denial of his motion for mistrial. However, he argues only in terms of the district court's failure to recuse. We review the substance of his arguments and not the title.

[2] 28 U.S.C. § 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

personal antagonism towards him. He is wrong.

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration -- even a stern and short-tempered judge's ordinary efforts at courtroom administration -- remain immune.

*Liteky v. United States*, 510 U.S. 540, 555-56 (1994). Upon review of the trial and sentencing transcripts, we cannot say the isolated instances pointed out by Campos-Guel create an appearance of bias. Nor can we say the judge's comments lead us to question his impartiality. They fall within the ordinary efforts at courtroom administration.

**AFFIRM**.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

-6-